UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | | |
|---|---|---|
| DARYN MAY, | } | |
| Plaintiff, | } | Civil Action, File No. |
| v | } | |
| | } | |
| RCS RECOVERY SERVICES, LLC, | } | |
| SETH MILLER AND CHRIS CONWAY, | } | |
| | } | |
| Defendants | } | |

## COMPLAINT

Plaintiff, Daryn May complains of RCS Recovery Services, LLC. [hereinafter "RCS"], Seth Miller [hereinafter "Miller"], and Chris Conway [hereinafter "Conway"] collectively, individually and in any combination known as Defendants, and shows the court the following:

1. This court has jurisdiction of this case pursuant to section 1692k(d) of the Fair Debt Collection Practices ("FDCPA"), 15 U.S.C. § 1692k(d), and 28 USCS § 1332 (a) (1).

2. This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 based on the below claim under New York General Business Law § 349.

3. Venue in this district is proper based on the location of Plaintiff's residence in this district; Defendants' regular transaction of business within this district; and/or Defendants' having derived substantial revenue from services rendered in this district.

4. Venue in this district is proper also in light of the occurrences which form the basis for this complaint having occurred in whole or in part in this district.

5. Daryn May is a natural person who currently resides at 110 Alpha Street Rochester, NY 14612.

6. Daryn May is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

1

7.  RCS is a New York foreign limited liability company with a principal place of business located at 1499 West Palmetto Park Road, Ste 140, Boca Raton, FL 33486.

8.  The principal purpose of RCS is the collection of debts using the instrumentalities of interstate commerce, including mail and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

9.  RCS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

10. Miller is an individual with a principal place of business located at RCS at 1499 West Palmetto Park Road, Ste 140, Boca Raton, FL 33486.

11. Upon information and belief, Miller is the President of RCS.

12. Miller is an owner, or a main financial beneficiary of RCS, and/or holds himself out as such, and/or controls and/or supervises the debt collection activities of RCS.

13. Miller also is a debt collector as defined by the FDCPA.

14. Miller is accordingly liable for the acts of PR.

15. Conway is an individual with a principal place of business located at RCS at 1499 West Palmetto Park Road, Ste 140, Boca Raton, FL 33486.

16. Upon information and belief, Conway is the CEO of RCS.

17. Conway is an owner, or a main financial beneficiary of RCS, and/or holds himself out as such, and/or controls and/or supervises the debt collection activities of RCS.

18. Conway also is a debt collector as defined by the FDCPA.

19. Conway is accordingly liable for the acts of PR.

20. The debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. §

2

1692a(5).

21. On April 3, 2006, Daryn May and Debra May, Daryn May's ex-wife, borrowed $52,000 from Wells Fargo Bank of California and secured the loan with a second mortgage on 9398 Acqua Vista Blvd, Boynton Beach, FL  33437.

22. On April 3, 2006, Daryn May and Debra May, Daryn May's ex-wife, borrowed $416,000 from Wells Fargo Bank of California and secured the loan with a first mortgage on 9398 Acqua Vista Blvd, Boynton Beach, FL  33437.

23. Daryn May and his ex-wife defaulted on the notes securing these mortgages at the latest in January 2008.

24. In December 2008 a short-sale of the above-mentioned property securing both of the aforementioned notes was sold.  This sale allowed the payment of about 85% of the $416,000 note.  Wells Fargo forgave the balance due on the $416,000 note.

25. The short sale did not result in any payment toward the balance due on the $52,000 note and no payment towards this balance due ever was made since the time of the above-mentioned default.

26. On or about February 25, 2011 RCS became the servicer of the aforementioned $52,000 loan in place of Wells Fargo Bank, N.A.

27. RCS sent Daryn May collections letter in an attempt to collect the debt resulting from the default on the $52,000 note.

28. RCS sent these collections letters to Daryn May continuously until the summer of 2013.

29. RCS then continued to attempt to collect the debt via its communications with Daryn May's attorneys' office in the Winter and Spring of 2014.  These communications included a settlement offer and a response to a request for validation.  At no time during

3

these communications did RCS mention anything regarding the expiration of the statute of limitations.

## FIRST CAUSE OF ACTION

30. Daryn May repeats and re-alleges the allegations contained in the above paragraphs 1-28.

31. The statute of limitations on the debt resulting from the default on the $52,000 note expired no later than January 2012.

32. RCS's attempts to collect the debt after January 2012 violated 15 USC 1692e (2) (A), (5), (10), 15 USC 1692f, and 15 USC 1692f (1)

## SECOND CAUSE OF ACTION

33. Daryn May repeats and re-alleges the allegations contained in the above paragraphs 1-28.

34. Upon information and belief, in the collection letters RCS sent to Daryn May in an attempt to collect this debt RCS represented that it owned the debt when it fact it was retained just to service the debt.

35. This misrepresentation amounts to a violation of 15 USC 1692 e (2) (A), (10), and 15 USC 1692f.

## THIRD CAUSE OF ACTION

36. Daryn May repeats and re-alleges the allegations contained in the above paragraphs 1-28.

37. On or about March 7, 2014, Daryn May for the first time requested a copy of his credit report from a consumer credit reporting agency.

38. Upon Daryn May's receipt of his credit report, he discovered that RCS had reported to

4

the consumer reporting agencies that it was the creditor, and misrepresented the date of default.

39. As a result of the above misrepresentations and RCS's subsequent attempts to collect the debt, Defendants violated 15 USC 1692 e (2) (A), (10), and 15 USC 1692f.

## FOURTH CAUSE OF ACTION

40. Daryn May repeats and re-alleges the allegations contained in the above paragraphs 1-39.

41. RCS reported to the consumer reporting agencies that the "[a]ccount was in dispute-now resolved-reported by subscriber". This is a false statement.

42. As a result of the above misrepresentations and RCS's subsequent attempts to collect the debt, Defendants violated 15 USC 1692 e (2) (A), (10), and 15 USC 1692f.

## FIFTH CAUSE OF ACTION

43. Daryn May repeats and re-alleges the allegations contained in the above paragraphs 1-28.

44. Upon information and belief, at no point after RCS's initial communication with Daryn May did RCS send Daryn May the written notice required by 15 USC 1692g.

## SIXTH CAUSE OF ACTION

45. Daryn May repeats and re-alleges the allegations contained in the above paragraphs 1-44.

46. Rachael Gold was an employee or authorized representative of RCS at the time of the acts alleged in this cause of action.

47. Any of the acts alleged in this cause of action which were alleged to have been taken by Rachael Gold were performed by Rachael Gold while under the scope of Rachael Gold's

actual or apparent authority with RCS.

48. In mid-March 2014, Jeff Lewis, a law clerk with Daryn May's attorneys' office, and Rachel Gold of RCS communicated via email regarding Daryn May's request for information and/or documentation regarding the debt.

49. Jess Lewis on behalf of Daryn May emailed to Rachael Gold the following request: "At your earliest convenience, please provide the following information for the alleged account:

-Information pertaining to the any payments allegedly made by our client on this alleged account, including the date of the last payment allegedly made;

-The original agreement allegedly entered into by our client for the account in question, as well as information confirming the date in which said account was allegedly opened; and

-Information establishing how the total amount of the alleged debt has been calculated, including any interest, fees, penalties, costs, etc. applied"

50. Rachael Gold responded as follows:  "Thank you for your reply.  RCS Recovery Services, LLC will mail our standard validation response to your office."

51. Daryn May's attorney did receive a response from RCS; but it did not include any "[i]nformation pertaining to the any payments allegedly made by our client on this alleged account, including the date of the last payment allegedly made or [i]nformation establishing how the total amount of the alleged debt has been calculated, including any interest, fees, penalties, costs, etc. applied".

52. The failure to respond to these aforementioned requests amounts to a violation of 15 USC 1692g, 15 USC 1692 e (2) (A), (10), and 15 USC 1692f.

## SEVENTH CAUSE OF ACTION

53. Daryn May repeats and re-alleges the allegations contained in the above paragraphs 1-52.

54. Daryn May is a consumer.

55. The actions, misrepresentations and violations of the FDCPA set forth above were directed at Daryn May, and therefore are consumer oriented.

56. Defendants regularly attempt to collect debts from tens of thousands of consumers. Upon information and belief, the same or similar actions, misrepresentations and violations of the FDCPA set forth above were directed at many consumers as part of regular practice of Defendants.   For this additional reason, the actions, misrepresentations and violations of the FDCPA set forth above are consumer oriented.

57. The aforementioned action and misrepresentations were deceptive or misleading both in their own right and as a result of their violation of the FDCPA.

58. Daryn May suffered injuries as a result of the deceptive or misleading acts including but not limited to the aforementioned violations of his rights under the FDCPA along with the cost and effort of defending himself against a debt which Defendants had no legal right to collect and severe emotional distress.

59. In light of the facts set forth in paragraphs 53-59, each of the actions, misrepresentations and violations of the FDCPA set forth above constitute a violation of General Business Law 349 by Defendants.

**WHEREFORE**, Plaintiffs request that the Court enter judgment in favor of each Plaintiff and against each Defendant for:

1. Statutory damages and actual damages incurred by each Plaintiff for each of the

violations of the FDCPA along with costs and attorney's fees incurred by each Plaintiff;

2. Statutory and actual damages incurred by each Plaintiff for each of the violations of General Business Law 349 along with costs and attorney's fees incurred by each Plaintiff;

3. Any and all other relief deemed just and warranted by this court for each Plaintiff.

Dated:          April 28, 2014


/s/_____               /s/_____
Mitchell L. Pashkin (MP 9016)                   Frank Borgese, Esq. (9307)
Attorney For Plaintiff                    Attorney For Plaintiff
25 Harriet Lane                           Graham & Borgese, LLP
Huntington, NY  11743                     482 Delaware Avenue
(631) 335-1107                            Buffalo, NY  14202
                                          (716) 200-1520

File No.

_____

DARYN MAY,

                Plaintiff,

      -v-

RCS RECOVERY SERVICES, LLC,
SETH MILLER AND CHRIS CONWAY

             Defendants.

_____

**COMPLAINT**

_____

Mitchell L. Pashkin             Frank Borgese, Esq.
Attorney For Plaintiff         Attorney For Plaintiff
25 Harriet Lane              Graham & Borgese, LLP
Huntington, NY  11743       482 Delaware Avenue
(631) 335-1107              Buffalo, NY  14202
                            (716) 200-1520